UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA WAGNER

    Plaintiff,

v.

Case No. 12-14315
Hon. Lawrence P. Zatkoff

TOWNSHIP OF FLINT POLICE
DEPARTMENT, TIM JONES, JAMES JOSEPH
DALY, JAMES BALDWIN and FRANCIS
HARTNER,

    Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 30, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendants Township of Flint Police Department, Tim Jones, James Joseph Daly, James Baldwin and Francis Hartner's Motion to Dismiss Plaintiff Lisa Wagner's Complaint pursuant to Fed. R. of Civ. P. 37 and 41 [dkt 22]. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument. For the following reasons, Defendant's motion is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

## II. BACKGROUND

### A. FACTUAL BACKGROUND

This case involves an alleged violation of Plaintiff Lisa Wagner's ("Plaintiff") Fourth, Eighth, and Fourteenth Amendment rights by Defendants Township of Flint Police Department, Tim Jones, James Joseph Daly, James Baldwin and Francis Hartner ("Defendants"). Plaintiff alleges Defendants forcibly entered her home and held her without provocation or consent, and that Plaintiff suffered injury as a result of these actions. Defendants assert officers of the Flint Police Department were sent to Plaintiff's home as the result of a complaint from a neighbor, that they entered the home to perform a welfare check in their capacity as community caretakers, and that Plaintiff was taken into protective custody only after it was determined she was acting extremely unusual and that a mental health petition was required.

The motion currently before the Court seeks dismissal of Plaintiff's Complaint due to Plaintiff's failure to respond in a timely fashion to Defendants' discovery requests [dkt 22]. The motion also points to Plaintiff's continued failure to comply with this Court's order entered on July 8, 2013, requiring Plaintiff to provide signed medical authorization forms by July 12, 2013, and to provide responses to Defendants' interrogatories by July 22, 2013.

### B. PROCEDURAL BACKGROUND

The case was removed to this Court by Defendants on September 27, 2012. Since that time, the Court has granted two motions filed by attorneys previously representing Plaintiff to withdraw from representing Plaintiff. These motions were brought—and granted—due to Plaintiff's general refusal to cooperate and her failure to complete discovery requests despite repeated requests to do so from Plaintiff's own attorneys. The Court most recently granted such a motion to withdraw on November 15, 2013 [dkt 27]. In this same Order, the Court required

Plaintiff to file a response to the instant motion within 45 days from the date of entry, and that failure to do so could result in dismissal.

On December 30, 2013, Plaintiff delivered to the Court—via fax from her new counsel of record, Lineas L. Baze—a response to the instant motion. Although this was delivered within the 45-day window required by the Court, the response was not actually filed on the docket until January 13, 2014. Counsel for the Plaintiff also entered his notice of appearance on that day.

### III. LEGAL STANDARD

Fed. R. Civ. P. 37 deals generally with the sanctions available to the Court should a party fail to make disclosures or cooperate in discovery. Specifically, Fed. R. Civ. P. 37(b)(2) outlines the sanctions available to the Court should a party fail to comply with a court order, including dismissal of the action in its entirety. Fed. R. Civ. P. 37(b)(2)(A)(v).

Fed. R. Civ. P. 41(b) indicates that, if a plaintiff fails to prosecute or to comply with a court order, a defendant may move to dismiss the action or any claim against it. Any dismissal made pursuant to this rule operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

Whether to grant a motion under Fed. R. Civ. P. 37 or 41 is within the broad discretion of the district court. *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 641–42 (1976). When deciding whether to exercise this discretion, the Sixth Circuit has laid out four factors to consider:

1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault;
2) whether the adversary was prejudiced by the party's failure to cooperate in discovery;
3) whether the party was warned that failure to cooperate could lead to dismissal; and
4) whether less drastic sanctions were imposed or considered prior to dismissal.

*See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366–67 (6th Cir. 1997).

## IV. ANALYSIS

Using the factors outlined by the Sixth Circuit, the Court finds that dismissal of Plaintiff's Complaint under Fed. R. Civ. P. 37 and 41 is warranted. On July 8, 2013, Magistrate Judge David R. Grand entered an Order requiring Plaintiff to provide signed medical authorization forms, dates when she was available for her deposition, and responses to Defendants' interrogatory requests [dkt 21]. While this Order required Plaintiff to provide such information at various dates in July 2013, Defendants indicate that Plaintiff has still not provided—six months after this Court's Order requiring her to do so—any of this information. The Court finds this continued refusal to provide basic discovery information is the sort of failure due to "willfulness, bad faith, or fault" that the Sixth Circuit had in mind.

Further, it is undeniable that Defendants have been prejudiced due to Plaintiff's failure to cooperate in discovery. Plaintiff's refusal to participate in discovery and otherwise prosecute this action directly prejudiced the Defendants' ability to prepare a defense. Accordingly, the Court finds Plaintiff's actions have prejudiced Defendant within the meaning of the Sixth Circuit's second factor.

The Court also warned Plaintiff that failure to respond to the current motion could result in dismissal of her action [dkt 27]. The Court finds this is exactly in line with the Sixth Circuit's third factor.

Finally, the record indicates that less drastic options were not only considered, but were actually attempted prior to dismissal. Time and time again Plaintiff has been allowed—despite her consistent refusal to participate in advancing her own cause of action—to extend the timeframe within which she was required to provide discovery. Plaintiff has been given no less than 15 months to comply with Defendants' initial discovery requests; despite great leniency

4

provided by this Court, she has nonetheless failed to do so. The Court therefore finds that the fourth factor also warrants immediate dismissal of the action.

It must be noted that Plaintiff—in responding to the motion before the Court through her newest attorney—does not explicitly deny any of the allegations presented by Defendants. Instead, the entirety of Plaintiff's response reads as follows:

> "**ANSWER TO MOTION TO DISMISS**
> **NOW COMES** Plaintiff Lisa Wagner by and through her attorney Lineas Baze and she hereby submits her Answer to Motion to Dismiss saying as follows:
> 1. The allegations of paragraph one are left to the proofs.
> 2. The allegations of paragraph two are left to the proofs.
> 3. The allegations of paragraph three are left to the proofs.
> 4. The allegations of paragraph four are left to the proofs.
>
> **WHEREFORE,** Plaintiff respectfully requests the case may not be dismissed."

The Court finds that this response fails to adequately dispute any of the factors warranting dismissal as determined by the Sixth Circuit and outlined by Defendants.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. of Civ. P. 37 and 41 [dkt 22] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint [dkt 1] is DISSMISSED WITH PREJUDICE.

IT IS SO ORDERED.


Date:  January 30, 2014                             s/Lawrence P. Zatkoff
                                                    HON. LAWRENCE P. ZATKOFF
                                                    U.S. DISTRICT JUDGE